Flora L. CRISSMAN, as Administratrix of the Estate of David B. Crissman, Jr., Deceased, Libellant,

v.

EASTERN AIR LINES, INC., Pan American World Airways, Inc., and United States of America, Respondents. Action No. 1.

Flora L. CRISSMAN, as Administratrix of the Estate of David B. Crissman, Jr., Deceased, and the Travelers Indemnity Company, Plaintiffs,

v.

EASTERN AIR LINES, INC., Pan American World Airways, Inc., and United States of America, Defendants. Action No. 2.

Nos. 66–A–177, 67–C–107.

United States District Court
E. D. New York.

June 8, 1967.

Height, Gardner, Poor & Havens, New York City, for Pan American World Airways, Inc., Walter E. Rutherford, New York City, of counsel, for the motion to dismiss the complaint and in opposition to the motion to consolidate, etc.

Speiser, Shumate, Geoghan & Krause, New York City, for plaintiffs in both causes of action, Edward M. O'Brien, New York City, of counsel, in opposition to the motion to dismiss and for the motion to consolidate.

Joseph P. Hoey, U. S. Atty., by John F. Murray, Dept. of Justice, for defendant United States, for the motion to dismiss the second cause of action, etc., and in opposition to the motion to consolidate, etc.

Bigham, Englar, Jones & Houston, New York City, for defendant, Eastern Air Lines, Inc., Thomas J. McDonough, New York City, of counsel, for the motion to dismiss the second cause of action, etc., and in opposition to the motion to consolidate, etc.

RAYFIEL, District Judge.

Eastern Airlines, Inc., Pan American World Airways, Inc., and United States of America will be hereinafter referred to as Eastern, Pan American and United States, and the parties as plaintiffs and defendants.

On March 3, 1966, Flora L. Crissman, as Administratrix of the estate of her deceased husband, commenced Action No. 1 against Eastern and Pan American under the Death on the High Seas Act (Title 46 U.S.Code, Section 761 et seq.), and against United States under said Act and under the Federal Tort Claims Act (Title 28 U.S. Code, Section 1346(b)) et seq. and Title 46, U.S.Code, Section 742 et seq. to recover damages for the decedent's wrongful death, resulting from the crash at sea on February 8, 1965 of Eastern's plane known as Flight 663.

On February 3, 1967 the said plaintiff, as Administratrix, etc., and Travelers Indemnity Company (Travelers) commenced Action No. 2 against the same defendants. It was substantially similar in all respects to Action No. 1, except that Travelers, the workmen's compensation insurance carrier for the decedent's employer, seeks therein to protect and preserve its right to receive from the proceeds, if any, of the plaintiff's recovery therein such sums as it has already paid or may be called upon to pay

to the decedent's widow and children as such insurer.

The defendants have moved to dismiss Action No. 2 on the ground that another action (Action No. 1) is now pending in this Court, involving the same parties and seeking the same relief. The plaintiff has cross-moved under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate said actions for all purposes on the ground that they arise out of the same accident and involve common questions of law and fact.

The decedent was employed in the State of New York by Allied Chemical Corporation and at the time of his death was engaged or acting in the course of his said employment. By reason thereof his widow and infant children were entitled to, and since his death have received, death benefits from Travelers under his employer's policy of compensation insurance.

Action No. 2 was commenced because of the plaintiff administratrix's uncertainty as to her rights under Sections 29 (1) and 29(2) of the Workmen's Compensation Law of the State of New York, McKinney's Consol.Laws, c. 67. Section 29(1) thereof provides in pertinent substance that the defendants of a deceased employee may receive benefits thereunder without being required to make an election between the acceptance thereof and the pursuit of a remedy against a third-party tort-feasor, provided, however, that if such benefits are accepted the dependents must pursue their third-party remedy *"before the expiration of one year from the date such action accrues"*. (Emphasis added.)

Section 29(2), in pertinent part, provides that "[I]f such injured employee, or in case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, (supra), *such failure shall operate as an assignment of the cause of action against such other * * * to the person, association, corporation, or insurance carrier liable for the payment of such compensation. * * *"* (Emphasis and matter in parenthesis added.)

Action No. 1 having been commenced more than one year after the cause of action therein alleged had accrued, the plaintiff was not certain whether she, or Travelers, the assignee thereof by operation of law, (Section 29(2) supra), was then the "owner" of the said cause of action. There was also a question as to whether Travelers could, under the provisions of Section 761, supra, maintain such an action.

It may be noted here that Action No. 2 was brought on February 3, 1967, several days prior to the expiration of the period prescribed by Section 763 of Title 46, supra, for the commencement of an action under 761, supra, for the obvious purpose of protecting the rights of the widow and infant children of the decedent.

If the actions should not be disposed of prior to the trial, the determination of the issues of law involved therein, which, it appears, have never been decided by the courts, can be deferred until then without prejudice to any of the parties.

Accordingly, the defendants' motion to dismiss Action No. 2 is denied and the plaintiffs' motion to consolidate Actions Nos. 1 and 2 for all purposes is granted.

Settle order on notice.